OSCN Found Document:HUNSUCKER v. FALLIN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HUNSUCKER v. FALLIN
2017 OK 84
Case Number: 116131
Decided: 10/30/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 84, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



JOHN HUNSUCKER, on behalf of himself and his clients; BRUCE EDGE, on behalf of himself and his clients; CHARLES SIFERS, on behalf of himself and his clients; STEPHAN FABIAN, on behalf of himself and his clients, Petitioners,
v.
THE HONORABLE MARY FALLIN, GOVERNOR, in her official capacity; THE HONORABLE SENATOR MIKE SCHULTZ, SENATE PRESIDENT PRO TEMPORE, in his official capacity; THE HONORABLE REPRESENTATIVE CHARLES MCCALL, SPEAKER OF THE HOUSE, in his official capacity; MICHAEL THOMPSON, in his official capacity as Commissioner of Oklahoma Department of Public Safety; DAVID PRATER, in his official capacity as District Attorney for Oklahoma County; STEVE KUNZWEILER, in his official capacity as District Attorney for Tulsa County; Respondents.


¶0 ORDER STAYING APPLICATION OF THE 2017 IMPAIRED
DRIVING ELIMINATION ACT 2, S.B. No. 643
¶1 Petitioners challenge the constitutionality of the 2017 Impaired Driving Elimination Act 2, (S.B. No. 643). The effective date for all provisions of this Act is scheduled for November 1, 2017.
¶2 The Court possesses judicial discretion to grant temporary relief or relief on the merits, with an opinion to follow, in order to protect the rights of parties pending resolution of a judicial controversy when a short period of time occurs between oral argument and the time an event will occur concerning the merits of the controversy. In re Initiative Petition No. 314, 1980 OK 174, 625 P.2d 595, 596; Southwestern Bell Telephone Co. v. Oklahoma Corporation Commission, 1994 OK 142, 897 P.2d 1116, 1118-1119.
¶3 The Court assumes original jurisdiction for the purpose of issuing a temporary stay pending the litigation herein. The provisions of the 2017 Impaired Driving Elimination Act 2, (S.B. No. 643), including its effective date are hereby stayed. The 2017 Impaired Driving Elimination Act 2, (S.B. No. 643), shall not take effect on November 1, 2017, the provisions of the Act shall not be enforced during the present litigation, and they shall not be enforced until a future order or opinion of this Court so directs.
¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 30th DAY OF OCTOBER, 2017.

/S/CHIEF JUSTICE

¶5 COMBS, C.J.; KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and REIF, JJ., concur.
¶6 GURICH, V.C.J.; and WYRICK, J., dissent.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 142, 897 P.2d 1116, 65 OBJ 4181, Southwestern Bell Telephone Co. v. Oklahoma Corp. Com'n
Discussed
 1980 OK 174, 625 P.2d 595, Initiative Petition No. 314, In re
Discussed